IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY RACHELLS<br>19109 WATERCREST AVENUE<br>MAPLE HEIGHTS, OHIO 44137 | ) ) ) ) | CASE NO.: 1:08CV2815<br>JUDGE: JUDGE WELLS |
| Plaintiff | ) ) | **COMPLAINT** |
| -vs- | ) ) ) | (JURY DEMAND ENDORSED HEREON) |
| CINGULAR WIRELESS EMPLOYEE SERVICES, LLC AND<br>NEW CINGULAR WIRELESS SERVICES LLC<br>5700 LOMBARDO CENTER DRIVE<br>SEVEN HILLS, OHIO 44131 | ) ) ) ) ) ) ) ) ) | MAG. JUDGE McHARGH |
| and | ) ) | |
| CINGULAR WIRELESS EMPLOYEE SERVICES, LLC AND<br>NEW CINGULAR WIRELESS SERVICES LLC<br>GLENRIDGE HIGHLANDS TWO<br>ATLANTA, GEORGIA 30342 | ) ) ) ) ) ) ) | |
| and | ) ) | |
| AT&T WIRELESS<br>ADDRESS UNKNOWN<br>KNOWN ONLY TO CINGULAR WIRELESS | ) ) ) ) ) | |
| and | ) ) | |
| SBC<br>45 ERIEVIEW PLAZA<br>CLEVELAND, OHIO 44114 | ) ) ) ) | |
| and | ) ) ) | |

| | |
|---|---|
| SBC | ) |
| 175 EAST HOUSTON | ) |
| SAN ANTONIO TEXAS 78215 | ) |
| | ) |
| | ) |
| and | ) |
| | ) |
| JOHN DOE CORPORATION | ) |
| KNOWN ONLY TO SBC AND/OR | ) |
| CINGULAR WIRELESS EMPLOYEE | ) |
| SERVICES LLC AND NEW CINGULAR | ) |
| WIRELESS SERVICES, INC | ) |
| AT&T WIRELESS | ) |
| | ) |
| | ) |
| and | ) |
| | ) |
| JOHN DOE INDIVIDUALS | ) |
| KNOWN ONLY TO SBC AND/OR | ) |
| CINGULAR WIRELESS AND/OR | ) |
| AT&T WIRELESS | ) |
| | ) |
| Defendants | ) |

NOW COMES the Plaintiff, Anthony Rachells, ( hereinafter referred to as "Plaintiff") by and through his Attorneys, E. Yvonne Harris and Oscar Trivers, and hereby asserts a cause of action against the Defendants (hereinafter referred to as "Defendant" or "Defendants") for damages resulting from race discrimination.

## I. JURISDICTION AND VENUE

1. That venue is proper in this Court in that Plaintiff's civil rights were impeded on when he was terminated by Cingular Wireless Employee Services LLC and New Cingular Wireless Services, Inc and AT &T & SBC. Similarly, this court has proper jurisdiction pursuant to Ohio Revised Code Chapter 4112 and section 4112.99 thereof.

## II. THE PARTIES

2. That Plaintiff is an African-American male citizen of the United States, resident of Cuyahoga County, Ohio;

3. That the Defendants Cingular Wireless Employee Services LLC and New Cingular Wireless Services, Inc., AT &T and SBC are or were corporations duly licensed to conduct business in the State of Ohio;

## III. STATEMENT OF FACTS

4. That the Plaintiff incorporates and realleges paragraphs One (1) through three (3) as if fully rewritten;

5. That on or about December 2, 1996, the Plaintiff was hired by the Defendant Cingular Wireless Employee Services LLC and New Cingular Wireless Services, Inc/SBC to work in its retail stores;

6. That because of the Plaintiff's skills and due diligence, he was eventually promoted to National Retail Account Manager;

7. That throughout Plaintiff's tenure with Cingular Wireless Employee Services LLC and New Cingular Wireless Services, Inc/SBC he earned over 20 local and National awards and contests;

8. That during the Plaintiff's tenure with the Defendant Cingular Wireless Employee Services LLC and New Cingular Wireless Services, Inc./SBC, Plaintiff had to file complaint(s) against several white co-workers and supervisors because of discriminatory and retaliatory actions taken against him, including receiving unfavorable false performance reviews;

9. That on or about January 31, 2005, the Plaintiff was informed that he would be

terminated from his employment in 60 days;

10. That Plaintiff's termination was allegedly based on a bogus assessment score received during a sham interviewing process with Defendants Cingular Wireless Employee Services LLC and New Cingular Wireless Services, Inc/SBC and AT&T John Doe Corporation and John Doe Individuals.

## IV. STATEMENT OF CLAIMS

### COUNT I

11. That the Plaintiff realleges and reavers by reference all the allegations contained in paragraphs One (1) through 10, as if fully rewritten, herein;

12. That the Defendants' actions constituted racial discrimination prohibited by the Ohio Revised Code and Federal law, justifying an award of compensatory, consequential, punitive and other damages against the Defendants;

13. That as a direct and proximate result of Defendants' actions, the Plaintiff was caused to incur severe emotional distress, humiliation, loss of income, attorney fees, and other losses to be more fully adduced at the trial of this lawsuit;

WHEREFORE, the Plaintiff demands Judgment against the Defendants jointly and/or severally in an amount in excess of $25,000.00 in compensatory damages, punitive damages, costs, attorney fees, and any and all other relief to which Plaintiff may be entitled to in law, justice, equity and/or his best interest.

RESPECTFULLY SUBMITTED,

_____
E. Yvonne Harris (0058636)
55 Erieview Plaza, Suite 380
Cleveland, OH 44114
(216)696-2211
(216)696-2212( Facsimile)
Attorney at Law
vonohio@msn.com


_____
Oscar Trivers (0019588)
8608 Quincy Avenue
Cleveland, OH 44106
(216)696-3937(Facsimile)
Attorney at Law
Attorneys for Plaintiff


## JURY DEMAND

A trial by jury is hereby demanded on all issues contained in this Complaint.

_____
E. Yvonne Harris (0058636)
Attorney for Plaintiff



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Cleveland District Office

1660 West Second Street, Suite 850
Cleveland, OH 44113-1412
(216) 522-2001
(216) 522-8441
FAX (216) 522-7395
Website: www.eeoc.gov

July 12, 2005

Mr. Anthony M. Rachells
19109 Watercrest Avenue
Maple Heights, OH 44137

Dear Mr. Rachells:

We have completed a careful review of the charge of employment discrimination (220-2005-01132 Rachells v Cingular Wireless) which was filed by you. Our review included an assessment of all the information offered by the employer and you.

As a result or our careful review of the matter, we have made a decision to dismiss the charge. Based on our review of the available evidence, we do not believe it can be established the employer has discriminated against due to your race, Black, or for any other reason prohibited by the laws we enforce. It should be noted that based on the information provided, your allegations regarding issues in 2001 and 2003 are untimely for our agency to address. Further, the available evidence indicates that Respondent selected the four highest ranked individuals to be retained and did not retain three White employees, a Hispanic employee or you during its restructuring. Additionally, the available evidence does not indicate that you were subjected to different terms and conditions of employment due to your race, Black. Thus, based on the information provided, it does not appear that the company's stated non-discriminatory, legitimate, business reasons for its actions were pretextual. It does not appear the Respondent denied you representation. There are no indications that further investigation or other use of our limited resources will result in sufficient evidence to establish a violation.

The enclosed dismissal notice issued to the parties explains that while we are not certifying that the employer is in compliance with the laws we enforce, our investigation has revealed insufficient evidence to warrant further processing of the charge. The dismissal notice describes your right to pursue the matter by filing a lawsuit in federal court within 90 days of your receipt of the notice.

We hope this information is helpful to you.

Sincerely,

Susan L. Smith
Investigator