IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

ANTHONY RACHELLS : CASE NO. 1:08 CV 02815

           Plaintiff :

           : MEMORANDUM OF OPINION AND
-vs- : ORDER ADOPTING THE REPORT
           : AND RECOMMENDATION AND
           : GRANTING DEFENDANT'S MOTION
CINGULAR WIRELESS EMPLOYEE : FOR SUMMARY JUDGMENT
SERVICES, LLC, et al.,

           Defendants. :

---

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    Plaintiff Anthony Rachells, an African-American male, lost his position as a National Retail Account Executive during a Reduction in Force ("RIF") selection process after Cingular Wireless acquired AT&T Wireless. Mr. Rachells initiated this lawsuit, alleging racial discrimination by Cingular in its termination of his employment. (Doc. 4). This matter was referred to Magistrate Judge Kenneth S. McHargh on Defendant Cingular's Motion for Summary Judgment. Now before the Court is Mr. Rachells' objections (Doc. 34) to Magistrate Judge McHargh's Report and Recommendation (Doc. 31) urging the dismissal. Cingular has also submitted a responsive brief in opposition to Mr. Rachells' opposition to the Report and Recommendation. (Doc. 35).

    For the reasons set forth below, this Court finds no merit in Mr. Rachells' opposition to the meticulously reasoned credible findings of Magistrate Judge

McHargh's R&R. Accordingly, this Court will overrule the Plaintiff's points in opposition and adopt the R&R dismissing this action.

After a de novo review of the record and materials in this action, the Court finds it does not need to reiterate here the factual background and procedural history of this suit, as well as the standard for summary judgment, so ably recounted in the Magistrate Judge's R&R. (Doc. 31, pp. 1-9).

### I. Standard of Review for a Report and Recommendation

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made, the district court reviews the case de novo. Fed. R. Civ. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. O'Diah v. Mawhir, No. 9:08–CV–322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).

The Court will review de novo those portions of Magistrate Judge McHargh's Report and Recommendation to which proper objections have been made.

2

## II. LAW AND ANALYSIS

### A. The Magistrate Judge's Report and Recommendation Properly Considered the Evidence Provided

Mr. Rachells contends that the Report and Recommendation erred in considering "only those facts taken from Defendants' Statement of Undisputed Facts [ ] and characterizing Plaintiff's facts as "random assertions throughout his brief in opposition."" (Doc. 34, p. 3). Cingular responds by noting "it is axiomatic that, to the extent a non-moving party fails to respond to and/or deny the moving party's assertion of a properly supported fact of the record, that fact will be treated as undisputed for purposes of summary judgment." (Doc. 35, p. 3).

Upon a <u>de novo</u> review of the record evidence and the Magistrate Judge's consideration of the facts presented in the summary judgment contest, the Court finds no error. Instead, the Court finds the R&R faithfully rendered the facts presented within the guidelines laid down in <u>Kraus v. Sobel Corrugated Containers, Inc.</u>, 915 F.2d 227, 229 (6th Cir. 1990), to construe the evidence in the light most favorable to the party opposing the motion. Further, while the Magistrate Judge does not have "a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," <u>Williamson v. Aetna Life Ins. Co.</u>, 481 F.3d 369, 379 (6th Cir. 2007), the R&R nevertheless represented fidelity to the factual evidence submitted by the Plaintiff (Doc. 31, p. 12, fn. 14), and the necessary inferences drawn therefrom, as reflected in decisions such as <u>Kraus, supra</u>.

3

### B. The Report and Recommendation Properly Weighs the Plaintiff's Affidavit.

Mr. Rachells objects to the R&R's characterization of his sixteen page affidavit, submitted with his brief in opposition, as "redundant and conclusory." (Doc. 34, p. 5). Cingular counters that Mr. Rachells' affidavit and documents resulted in an "ad hoc record" of "surmise, conjecture, and wholesale speculation." (Doc. 35, p. 4).

The position of the R&R is quite a bit more sober. Namely, the Magistrate Judge recounts the burden on the "Plaintiff to provide the Court with *evidence* which sets forth specific facts showing that there is a genuine issue in dispute." (Doc. 31, p. 12 emphasis in the original). The R&R notes the nature and consequences of the failure of the Plaintiff to meet that burden in his affidavit, observing:

> For the most part, Plaintiff's brief relies upon and cites to conclusory assertions which Rachells makes within his affidavit and in a letter he sent to Defendants. But, affidavits which merely repeat vague and conclusory allegations are insufficient to state a genuine issue of material fact. Emmons v. McLaughlin, 874 F.2d 351, 358 (6th Cir. 1989). "The object [ ] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990). Instead, the Plaintiff must come forward with evidence demonstrating that a jury could reasonably find in its favor. Cox. 53 F.3d at 150. Accordingly, unless supported by independent evidence, the Court will not credit the conclusory statements appearing within Plaintiff's brief and attached exhibits.

(Doc. 31, R&R, pp. 12-3).

"[C]onclusory assertions, unsupported by specific facts made in affidavits opposing a motion for summary judgment, are not sufficient to defeat a motion for summary judgment." Thomas v. Christ Hosp. and Med. Ctr., 328 F.3d 890, 894 (7th Cir.2003). Under Fed.R.Civ.P. 56(e), "judgment 'shall be entered' against the

4

nonmoving party unless affidavits or other evidence 'set forth specific facts showing that there is a genuine issue for trial.' " Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888–889, 110 S.Ct. 3177, 111 L.Ed.2d 695; see also Engle v. Meister, 495 F.Supp.2d 826, 835 (S.D. Ohio 2007) (finding statements in an affidavit conclusory where such statements did "not remotely identify the actions" of defendant that constituted the alleged offense).

The Magistrate Judge correctly noted that an affidavit must contain more than "conclusory allegations" because an affidavit must be "made on personal knowledge" and set forth "facts as would be admissible as evidence." Fed. R. Civ. P. 56(e); Mitchell v. Toledo Hosp., 964 F.2d 577, 584 (6th Cir. 1992) (affidavit containing "nothing more than rumors, conclusory allegations and subjective beliefs are wholly insufficient to establish a claim as a matter of law"). Upon de novo review of the Plaintiff's submissions, the Court finds that the R&R neither mischaracterized nor misconstrued Mr. Rachells' affidavit. The Plaintiff's affidavit provides no specific factual information evidencing any conduct on the part of Cingular to discriminate against him upon the basis of his protected class, it is conclusory and does not assist the Plaintiff in meeting his burden under Fed.R.Civ.P. 56. See Engle, 495 F.Supp.2d at 835 n5. Further, Mr. Rachells' argument in objection (Doc. 34, pp. 6-7), touting what he "believes" occurred with his colleague Joe Christopher, merely underscores the insufficiency of the affidavit pursuant to this Circuit's standard as laid down in Mitchell, supra.

### C. The Report and Recommendation Properly Found insufficient Evidence to Establish a Prima Facie Case of Racial Discrimination, or to Prove Pretext.

Mr. Rachells' position, in objection to the R&R, that he did present sufficient evidence to establish a prima facie case of intentional discrimination, substantially reiterate the arguments he asserted in favor of defeating Cingular's Motion for Summary Judgment. These arguments were addressed by Magistrate Judge McHargh in his detailed and well-reasoned Report and Recommendation when he found, under Barnes v. GenCorp, Inc., 986 F.2d 1457 (6th Cir. 1990), that Mr. Rachells' subjective assessment of his superior qualification, his assertion that Cingular's Reduction in Force ("RIF") selection process was subjective, and his contention that his RIF interview was different from all other candidates, failed to show that it was more likely than not that Cingular discriminated against him because he was African-American. (Doc, 31, p. 17). After its review of the arguments and the evidence, this Court concludes that Mr. Rachells has failed to carry his burden of demonstrating that the Magistrate Judge erred in issuing his Report and Recommendation. The Magistrate Judge correctly concluded that, regardless of which group Mr. Rachells is compared to – Cingular peers or the AT&T candidates – he failed to establish a prima facie case of race discrimination. (Doc. 31, pp. 13-17).

### D. The Report and Recommendation Properly Addressed the Issue of Which Employees were "Similarly Situated" in this Reduction in Force Case.

Mr. Rachells maintains that the only "similarly situated" employees, for purposes of analyzing this race discrimination suit, were his three fellow Cingular colleagues and not the five AT&T employees considered for the same position at the time of this Reduction in Force decision. (Doc. 34, p. 16). As such, Mr. Rachells contends the Magistrate Judge erred in considering all eight of the candidates (aside from the Plaintiff) vying for the national Retail Account Executive position as "similarly situated." A review of the R&R, the parties briefs, and the evidence indicates there is simply no credibility to the Plaintiff's argument on this point. The Magistrate Judge recommended finding Mr. Rachells evidence insufficient to establish the prima facie case that he was replaced by or treated differently from a similarly situated employee regardless of whether the comparators were only the three Cingular candidates or the entire eight person pool of AT&T and Cingular candidates. (Doc. 31, pp. 14-15). Nothing in the evidence provided this Court, or in the arguments made upon opposition to the R&R, alter the propriety of the Magistrate Judge's finding. See Bender v. Hecht's Dep't Stores, 455 F.3d 612, 621 (6th Cir. 2006).

## III. CONCLUSION

For the reasons set forth above, this Court overrules Mr. Rachells' objections and adopts Magistrate Judge McHargh's Report and Recommendation. This action is dismissed in its entirety through summary judgment.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE